# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIYOSHI ALLEN, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-1415** |
| | : | |
| FRANKLIN MINT | : | |
| FEDERAL CREDIT UNION, | : | |
| **Defendant.** | : | |

## MEMORANDUM

**SÁNCHEZ, J.**                                                                **JULY 2, 2025**

Plaintiff Miyoshi Allen, an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting violations of her constitutional rights and related state law claims arising from Defendant Franklin Mint Federal Credit Union's ("Franklin Mint") alleged failure to protect her personal information.  Along with her Complaint, Allen also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 7).[1]  Because it appears Allen is incapable of paying the filing fee, the Court will grant her leave to proceed *in forma pauperis*. However, because Allen has failed to plausibly allege that Franklin Mint is a state actor or was acting under color of state law, the Court will dismiss her constitutional claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will also dismiss Allen's state law claims without prejudice for lack of subject matter jurisdiction.  Allen will be granted leave to file an amended complaint to establish the existence of subject matter jurisdiction.

---

[1] Allen has since filed a Motion for Default Judgment.  (ECF No. 8.)  The Motion will be denied.

I.    **FACTUAL ALLEGATIONS**[2]

Allen's allegations are brief.  She alleges that Franklin Mint failed to protect her personal

information and that this occurred in approximately January 2022.  (Compl. at 4.)  She also

alleges that she did not sign an opt-out notice to permit such activity, which she describes as

"corporation/entity sharing."  (*Id*.)  As a result of the disclosure, Allen has accumulated

additional debt, which has caused her to experience mental anguish.  (*Id*. at 4-5.)  Allen asserts a

due process claim pursuant to the Fourteenth Amendment.  (*Id*. at 3.)  She also asserts claims

under the "FTCOF" and the "CPLA,"[3] and a state law claim for breach of contract.[4]  (*Id*. at 3, 4.)

She seeks money damages.  (*Id*. at 5.)

II.    **STANDARD OF REVIEW**

The Court will grant Allen leave to proceed *in forma pauperis* because it appears that she

is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C.

§1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

---

[2] The factual allegations set forth in this Memorandum are taken from Allen's Complaint ("Compl.") (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Allen's pleadings will be corrected for clarity.

[3] The Court understands these acronyms to refer to state or federal statutes, but Allen does not identify what these acronyms stand for and does not otherwise describe the nature of the claims she is asserting.  The Court has not identified any statutes described by these acronyms that appear applicable based on the facts alleged in the Complaint.

[4] In her Complaint, Allen refers specifically to 42 Pa. Cons. Stat. § 5525, which describes causes of action subject to a four-year limitations period under Pennsylvania law.  (Compl. at 3.)  These include a variety of contract-based actions, and the Court infers that Allen invoked the statute because she seeks to asserts a breach of contract claim against Franklin Mint.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Allen is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

3

matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Section 1983 Claim

Allen asserts a Fourteenth Amendment due process claim.  (Compl. at 3.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). Allen's due process claim based on Franklin Mint's disclosure of her personal information is not plausible, because Franklin Mint is not a state actor.  *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims).

Allen asserts in conclusory fashion that Franklin Mint acted under color of state law. (Compl. at 4.)  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted).  "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad

4

tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations marks, citation, and alteration omitted).  Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

There are no allegations in the Complaint that Franklin Mint exercised powers that are traditionally the exclusive prerogative of the state, that it acted with the help of or in concert with state officials, or that the state has so far insinuated itself into a position of interdependence with Franklin Mint that it must be recognized as a joint participant in the challenged activity (here, the disclosure of personal information).  (*See* Compl.)  Moreover, Courts in the Third Circuit have consistently held that credit unions are not state actors for purposes of § 1983.  *See, e.g.*, *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (recognizing that § 1983 claims against a credit union, its president, its chairman, and an employee failed because these defendants were not state actors); *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 917 (E.D. Pa. 2019) (dismissing *pro se* litigant's constitutional claim against credit union because credit union was not a state actor); *see also Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022) ("Courts in the Third Circuit have

repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'" (quoting *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014), *aff'd*, 625 F. App'x 83 (3d Cir. 2015))), *aff'd*, No. 22-3363, 2023 WL 2203572 (3d Cir. Feb. 24, 2023). Accordingly, Allen's constitutional claim against Franklin Mint will be dismissed because she has not plausibly alleged that it is a state actor or was acting under color of state law.  No leave to amend will be granted because any attempt to amend this claim would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

   **B.     State Law Claims**

Because the Court has dismissed her federal claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claim Allen seeks to assert.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (footnotes omitted) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); and then quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state where she is

domiciled, meaning the state where she is physically present and intends to remain.  *See*

*Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  Residence alone is insufficient

to establish domicile.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of

residency must be coupled with a finding of intent to remain indefinitely.").  Rather, "domicile is

established by an objective physical presence in the state or territory coupled with a subjective

intention to remain there indefinitely."  *Hovensa LLC*, 652 F.3d at 344.  A federal credit union is

a citizen of the state in which it is based or localized.  *See Feuchtwanger Corp. v. Lake Hiawatha*

*Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959) (concluding that in assessing citizenship of

federal credit union, the "localization of activity within a particular state sufficed to make a

federal corporation a citizen of that state"); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n*

*of Phila.*, 657 F.2d 29, 31 (3d Cir. 1981) (relying on *Feuchtwanger* and concluding that "First

Federal, a Pennsylvania based federal savings and loan association, is deemed a citizen of

Pennsylvania."); *see also Pradel v. VAH Lyons Emps. Fed. Credit Union*, No. 19-15835, 2020

WL 2747766, at *2 n.2 (D.N.J. May 27, 2020) ("Courts have held that diversity of citizenship

does not exist when a federal credit union primarily operates in a plaintiff's domicile.").

Allen does not allege the citizenship of the parties.  Rather, she provides only

Pennsylvania addresses for both herself and Franklin Mint.  (*See* Compl.)  Accordingly, she has

not sufficiently alleged that the parties are diverse for purposes of establishing the Court's

jurisdiction over any state law claims she seeks to pursue.  Her state law claims will be dismissed

without prejudice for lack of subject matter jurisdiction.  She will be granted leave to amend to

establish the existence of diversity jurisdiction if she can do so.  *See Robinson v. Trumark Fin.*

*Credit Union*, No. 24-3036, 2024 WL 3889626, at *2 (E.D. Pa. Aug. 20, 2024) (dismissing

without prejudice to amendment *pro se* litigant's state law claims against credit union where allegations did not establish diversity of citizenship)

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Allen leave to proceed *in forma pauperis*, dismiss her constitutional claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss her state law claims without prejudice for lack of subject matter jurisdiction.  Allen will be granted leave to file an amended complaint.

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, J.**