IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIYOSHI ALLEN, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1415 |
| : | |
| FRANKLIN MINT FEDERAL : | |
| CREDIT UNION, : | |
|     Defendant. : | |

## MEMORANDUM

SÁNCHEZ, J.                                                                                                                 OCTOBER 22, 2025

Pro se Plaintiff Miyoshi Allen has filed an Amended Complaint against Defendant Franklin Mint Federal Credit Union ("Franklin Mint"). She alleges a violation of her constitutional rights and asserts related state law claims arising from Franklin Mint's alleged failure to protect her personal information. (*See* Am. Compl. (ECF No. 12).) This Court previously dismissed Allen's constitutional claim with prejudice because Franklin Mint is not a state actor and declined to exercise supplemental jurisdiction over Allen's state law claims under 28 U.S.C. § 1367(c). However, the Court granted Allen leave to amend to afford her an opportunity to establish the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). Because the Amended Complaint again fails to plead facts establishing the existence of complete diversity between the parties, the Court will dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction, but without further leave to amend.

I.      **PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS**[1]

The gravamen of Allen's original Complaint was that Franklin Mint violated her due process rights when it failed to protect her personal information, instead sharing it with other financial institutions. *Allen v. Franklin Mint Fed. Credit Union,* No. 25-1415, 2025 WL 1830717, at *1 (E.D. Pa. July 2, 2025). She claimed that as a result, she had accumulated significant debt, which had caused her to experience mental anguish. *Id*. Upon statutory screening, the Court dismissed Allen's due process claim with prejudice and dismissed her state law claims without prejudice for lack of subject matter jurisdiction. *Id*. at *2-*3. Allen was granted leave to file an amended complaint to establish the existence of diversity jurisdiction. *Id*. at *3. The Amended Complaint is ripe for screening.

In her Amended Complaint, Allen essentially asserts the same facts and does not assert facts to establish the existence of diversity jurisdiction. She again alleges that in January 2022, Franklin Mint allowed an unnamed third party to access her personal information. (Am. Compl. at 3.) She further alleges that she did not sign an opt-out notice and did not consent to this disclosure. (*Id*.) She claims that Franklin Mint's failure to protect her personal information has caused her to incur debt and that collection agencies have contacted her about the outstanding debt. (*Id*.) She claims that she has suffered mental anguish as a result of her inability to pay her debts, that she has been unable to complete college, and that her credit rating has been damaged. (*Id*. at 4.) She seeks money damages. (*Id*.)

---

[1] The factual allegations set forth in this Memorandum are taken from Allen's Amended Complaint (ECF No. 12). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Allen's pleadings will be corrected for clarity.

## II.     STANDARD OF REVIEW

The Court has already granted Allen leave to proceed *in forma pauperis*, and accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Allen is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.;* s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245).  An

3

unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.  DISCUSSION

Allen again asserts a Fourteenth Amendment due process claim, but the Court has already dismissed this claim with prejudice and will not address it further. *See Allen*, 2025 WL 1830717, at *2. To the extent she again asserts state law claims, Allen has not alleged facts establishing the citizenship of the parties as directed in this Court's screening memorandum. *See id.* at *3. Rather, she has again simply provided Pennsylvania addresses for both herself and Franklin Mint, suggesting that both parties are citizens of Pennsylvania.[2] (See Am. Compl. at 1, 2.)

---

[2] As the Court previously instructed Allen:

> [a]n individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (footnotes omitted) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); then quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). Because Allen has again failed to allege facts that establish that complete diversity exists between the parties, she has again failed to establish a basis for this Court's exercise of jurisdiction over her claims. As Allen has already been given an opportunity to cure the defect in her claim against Franklin Mint and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Allen's claims will be dismissed

---

indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344. A federal credit union is a citizen of the state in which it is based or localized. *See Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959) (concluding that in assessing citizenship of federal credit union, the "localization of activity within a particular state sufficed to make a federal corporation a citizen of that state"); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 31 (3d Cir. 1981) (relying on *Feuchtwanger* and concluding that "First Federal, a Pennsylvania based federal savings and loan association, is deemed a citizen of Pennsylvania."); *see also Pradel v. VAH Lyons Emps. Fed. Credit Union*, No. 19-15835, 2020 WL 2747766, at *2 n.2 (D.N.J. May 27, 2020) ("Courts have held that diversity of citizenship does not exist when a federal credit union primarily operates in a plaintiff's domicile.").

*Allen*, 2025 WL 1830717, at *3. With respect to Franklin Mint's citizenship, the Court notes that its website describes it as, *inter alia*, "the largest financial institution headquartered in Delaware County, Pennsylvania." *See* https://www.fmfcu.org/ (last accessed September 29, 2025).

without prejudice for lack of subject matter jurisdiction, but without further leave to amend. She may assert these claims in an appropriate state court forum.

IV.  **CONCLUSION**

For the foregoing reasons, the Court will dismiss Allen's state court claims for lack of subject matter jurisdiction. She will not be granted leave to further amend her claims, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002), but may assert them in an appropriate state court forum.

An appropriate Order follows.

                              **BY THE COURT:**

                              /s/ **Juan R. Sánchez**
                            **JUAN R. SÁNCHEZ, J.**